# UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MORGAN | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. |
| v. | : | |
| RELIANCE STANDARD | : | |
| LIFE INSURANCE COMPANY | : | |
| *Defendant* | : | |

## COMPLAINT

The Plaintiff, Dawn Morgan, by and through her attorney, HALMON L. BANKS, III, ESQUIRE, files the instant complaint against the Defendant, Reliance Standard Life Insurance Company and alleges the following facts in support thereof:

## PARTIES

1. At all times material hereto, Plaintiff, Dawn Morgan, was and still is a resident of the state of Pennsylvania residing at 7221 Belmont Avenue, Mays Landing, NJ 08330.

2. Upon information and belief, at all times material hereto, Defendant, Reliance Standard Life Insurance Company, ("Reliance") has its principal place of business at 2001 Market Street, Suite 1500, Philadelphia, PA 19103

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. § 1132 (e)(1) and 1132 (f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also found at 28 U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter referred to as "ERISA").

4. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the jurisdictional district and, maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 139 (a)(1) and § 139 (c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6. At all times material hereto, Plaintiff was an employee of Virtua Health located at 425 12th Street in Hammonton, NJ 08037.

7. Plaintiff's job title relevant to this action was Office Assistant.

8. At all times during her employment with Virtua Health, the Plaintiff was a participant and/or beneficiary under their Long Term Disability ("LTD") plan.

9. The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1001 (2)(A).

10. At all times material hereto, Defendant made and/or participated in making all benefit decisions under their LTD plan.

11. During Plaintiff's employment with Virtua Health, Defendant issued a Long Term group disability income policy, (hereinafter referred to as "Policy").

12. At all times material hereto, said disability Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by Virtua Health and/or its employees.

13. At all times material hereto, Plaintiff was and is an employee eligible for LTD benefits as an insured under the Policy.

14. Said Policy provided, among other things, that LTD insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of an injury or sickness.

15. "Totally Disabled" and "Total Disability" under the Policy is the "result of an Injury or Sickness; (1). During the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her regular occupation {emphasis added]; (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of any occupation. Any occupation is one that the Insureds education training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is only capable of performing the material duties on a part-time basis or part of the material duties on a full-time basis."

16. On or about March 1, 2016, during the period within which her coverages were in full force and effect, while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning of, and pursuant to, the terms of the Policy.

17. As of this date, Plaintiff continues to be disabled in that she is unable to perform, on a sustained basis, her prior occupation or any gainful occupation in her own local economy for which she might be qualified, as these terms are defined under the subject Policy.

18. Plaintiff's disability is caused primarily by intractable lower back pain with lumbar radiculopathy; problems from a cracked pelvic bone during a C-Section; left hip arthralgia; GERD; chronic right knee instability caused by multiple ligament tears with osteoarthritis and chondromalacia; anxiety and depression, all of which cause her to suffer a significant limitation in her functional capacity.

19. By letter dated April 19, 2017, Defendant advised Plaintiff that she was not entitled to disability benefits under Policy.

20. On October 13, 2017, Plaintiff filed a written request for appeal/review of the Defendant's denial dated April 19, 2017 of her application for LTD benefits.

21. By letter dated February 26, 2018, Defendant advised Plaintiff that their original decision to deny her application for LTD benefits would continue. Defendant also advised Plaintiff in the letter that "our claim decision is now final as Ms. Morgan has exhausted any administrative remedies available to her under the terms of the Policy."

22. Plaintiff cooperated with the Defendant in all respects, provided proper proof of her loss in support of her claim and, otherwise complied with the Policy terms and conditions regarding the filing and maintenance of her claim.

23. Pursuant to the Policy, Defendant was obligated to commence the periodic payment of monthly LTD benefits to Plaintiff following the expiration of her elimination period.

24. Despite Plaintiff's continued total disability, Defendant has denied all LTD insurance benefits to Plaintiff and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

25. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

26. Defendant breached the Policy by not adhering to the LTD summary plan description in its notices of denial.

27. In denying Plaintiff's application for LTD benefits, Defendant's failure to notify Plaintiff that they would be contacting her physicians to question their medical findings and restrictions and, failure to notify her that the information gathered from these telephone calls would be given weight in the decision making process, prevented Plaintiff's ability to perfect her claim for LTD insurance benefits under the Policy.

28. Defendant also neglected to provide an explanation of the scientific or clinical judgement used as grounds for denying the claim and, such failure prevented the perfection of Plaintiff's LTD claim.

29. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly stated that she has not been able to work since June 18, 2016 because of her disabling conditions.

30. Defendant's denial of Plaintiff's LTD insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of their fiduciary duty as it relates to the Policy.

31. Defendant's unreasonable and unsupported denial of Plaintiff's LTD claim is evidenced by the number of procedural irregularities in its claims handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on her ability to perform all of the essential duties of her regular occupation or, any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result-oriented claims determination; the failure to utilize appropriate qualified and unbiased medical professionals to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational analysis of Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition, her significant restrictions and limitations caused by her conditions and, other forms of biased claims handling.

32. Defendant's claims handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

33. Defendant's claims handling failed to provide Plaintiff with a full and fair review of her claim.

34. Defendant's claims handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and, it frustrated Plaintiff from receiving a full and fair review of her claim.

35. Plaintiff exhausted all administrative appeals and remedies to the extent that they exist pursuant to the terms of the Policy/employee benefit plan.

36. By reason of the foregoing claims handling conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a fair decision on the merits of Plaintiff's claim. 29 C.F.R. § 2560.503 (1).

37. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503 (1), Defendant's adverse benefit determination is not entitled to any judicial deference.

38. Defendant willfully failed to comply with ERISA regulations.

39. Monthly disability insurance benefits to Plaintiff are still due and owing by Defendant on a continual basis.

40. Plaintiff is entitled to receive total life-time LTD benefits under the Policy, discounted to present value, due to the Defendant's arbitrary and capricious decision to deny Plaintiff's LTD claim.

41. Plaintiff is entitled to receive, in addition to the benefits due under the Policy, reimbursement for reasonable attorney's fees and costs incurred to litigation this action pursuant to 29 U.S.C. 1132 (g).

**WHEREFORE**, Plaintiff, Dawn Morgan prays that she may have a declaratory judgement herein declaring the rights and legal obligations of the parties hereto regarding the matters set forth in the Complaint as follows:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant in that she is unable to perform the duties of her own occupation, or any gainful occupation within her local economy which she is qualified to perform by virtue of her education, training and experience;

b) Defendant is obligated to pay continuing LTD benefits to the Plaintiff pursuant to the Policy and, shall pay all benefits in arrears since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled per the terms of the Policy, subject to the applicable benefit period in the Policy;

d) Defendant is obligated to pay Plaintiff total life-time LTD benefits under the Policy, discounted to present value;

e) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy, and/or any other appropriate relief, as provided for by CIGNA v. Amara, 131 S.Ct. 1866 (2011).

f) Pursuant to ERISA § 502 et. seq., Plaintiff shall be entitled to recoup attorney's fees, as well as all other costs incurred in this action, along with pre-judgment and post-judgment interest;

g) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event it becomes necessary; and,

h) Such other relief as this Court may deem just and proper.

By: _____
HALMON L. BANKS, III, ESQUIRE
Attorney I.D. No. 45113
**BANKS LAW**
Two Logan Square
100 North 18th Street, Suite 1910
Philadelphia, PA  19103
(215) 561-1000
Attorney for Plaintiff

Date: 3\12\18

## CERTIFICATE OF SERVICE

I, HALMON L. BANKS, III, ESQUIRE, certify that on this date the foregoing *Complaint* was filed electronically on the CM/ECF website for the District Court for the Eastern District of Pennsylvania and is available for viewing by all electronic filers through the court's CM/ECF system.

By: _____
HALMON L. BANKS, III, ESQUIRE
Attorney I.D. No. 45113

Date: 3\12\18

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAWN MORGAN 7221 Belmont Avenue
Mays Landing, NJ 08330

(b) County of Residence of First Listed Plaintiff: Atlantic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
RELIANCE STANDARD LIFE INSURANCE CO.
2001 Market St., Ste 1500, Phila., PA 19103

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☒ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/12/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7221 Belmont Avenue, Mays Landing, NJ 08330

Address of Defendant: 2001 Market Street, Ste. 1500, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: ERISA-Recovery of benefits due under the terms of an employee welfare benefit plan.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA, 29 USC §§1132(e)(1); 1132(f)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Halmon L. Banks, III, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/12/2018  _____ Attorney-at-Law  45113 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/12/2018  _____ Attorney-at-Law  45113 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DAWN MORGAN | : | CIVIL ACTION |
| v. | : | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                      (X)

| 3/12/2018 | Halmon L. Banks, III | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-561-1000 | 215-561-1020 | hbanks@bankslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02